UNITED STATES DISTRICT COURT     **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-9354-DMG (JCx)** | Date | December 9, 2020 |
|---|---|---|---|
| Title | *Yehuda Loya v. Costco Wholesale Corp., et al.* | Page | 1 of 3 |

Present: The Honorable     DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [11]**

## I. BACKGROUND

Plaintiff Yehuda Loya visited a store owned and operated by Defendant Costco Wholesale Corporation ("Costco") in Woodland Hills, California, on July 30, 2018. Not. of Removal, Ex. 1 (Compl.) at ¶ 24 [Doc. # 1-1]. He alleges that as he was shopping through the aisles on his scooter, an air compressor fell off a shelf, striking the top of his head and causing him severe injuries. *Id.*

On July 16, 2020, Plaintiff filed suit in Los Angeles County Superior Court against Costco, "Doe Manager (Doe 1")", "Doe Employee (Doe 2)", and Does 3 through 50, inclusive. The Complaint alleges that, while Costco is a corporate citizen of Washington, Plaintiff, the Doe Manager, and the Doe Employee are "residents of Los Angeles County." *Id.* at ¶¶ 1-5.

Costco removed the action to this Court on October 12, 2020. [Doc. # 1]. The Notice of Removal asserts that the Court has diversity jurisdiction over the action because Plaintiff and Costco are diverse and Plaintiff's statement of damages received on September 22, 2020 indicates that he seeks at least $565,000 in general damages, past medical expenses, and other costs. Not. of Removal at ¶¶ 5-8, 17-18.

Plaintiff now moves to remand the action to Los Angeles County Superior Court. Mot. to Remand ("MTR") [Doc. # 11.] Defendant filed an Opposition. [Doc. # 13.]

## II. LEGAL STANDARD

Defendants may remove a case filed in a state court to a federal court if the federal court would have original jurisdiction over the case. 28 U.S.C. § 1441. Diversity jurisdiction under 28 U.S.C. section 1332 requires that all plaintiffs in a suit be of diverse citizenship from all

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

UNITED STATES DISTRICT COURT **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-9354-DMG (JCx) | Date | December 9, 2020 |
|---|---|---|---|
| Title | *Yehuda Loya v. Costco Wholesale Corp., et al.* | Page | 2 of 3 |

defendants. *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806)) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff."). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted); *see also Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (any "doubt is resolved against removability"). The party "seeking removal has the burden to establish that removal is proper" and the "burden of establishing federal subject matter jurisdiction." *Id.*; *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)).

### III.
### DISCUSSION

Plaintiff contends that the Court should remand this action because the Doe Manager and Doe Employee's California citizenship destroys complete diversity and Plaintiff's statement of damages is insufficient, on its own, to establish more than $75,000 in controversy. *See* MTR.

Costco argues against Plaintiff's first contention primarily by relying on the text of section 1141, which states that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." Opp. at 4-5 (citing 28 U.S.C. § 1441(b)(1)). According to Costco, that language requires the Court to disregard the Doe Defendants' citizenship and determine that Plaintiff and Costco are completely diverse. A review of the case law interpreting section 1441 reveals that Costco's characterization of its import is overly simplistic.

Instead, courts in the Ninth Circuit have synthesized the complex jurisprudence on whether courts may consider the citizenship of fictitious defendants for removal jurisdiction purposes into following rule statement: "[t]he question . . . becomes whether the Plaintiffs' description of Doe defendants or their activities is specific enough as to suggest their identity, citizenship, or relationship to the action." *Gardiner Family, LLC v. Crimson Resource Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1035-36 (E.D. Cal. 2015); *see also Barnes v. Costco Wholesale Corp.*, No. CV 19-7977-DMG (JPRx), 2019 WL 6608735, *2 (C.D. Cal. Dec. 4, 2019) (finding allegations regarding the Doe Costco employees responsible for a plaintiff's alleged injuries sufficient for the Court to consider their citizenship for jurisdictional purposes); *Sandoval v. Republic Servs., Inc.*, No. CV 18-01224-ODW (KSx), 2018 WL 1989528, at *3 (C.D. Cal. Apr. 24, 2018) (holding that courts

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-9354-DMG (JCx) | Date | December 9, 2020 |
|---|---|---|---|
| Title | Yehuda Loya v. Costco Wholesale Corp., et al. | Page | 3 of 3 |

should consider Doe Defendants' citizenship especially "when a named defendant knew or should have known the fictitious defendant's identity because that defendant *employed* the fictitiously named defendant."); *Collins v. Garfield Beach CVS, LLC*, No. CV 17-3375-FMO (GJSx), 2017 WL 2734708, at *2 (C.D. Cal. June 26, 2017) ("[W]hen a plaintiff's allegations give a definite clue about the identity of the fictitious defendant by specifically referring to an individual who acted as a company's agent, the court should consider the citizenship of the fictitious defendant.").

Here, Plaintiff has plainly alleged a reasonable indication of the Doe Manager and Doe Employee's identities, relationship to the action, and citizenship. Plaintiff alleges that (1) both Does reside in Los Angeles County, California, (2) Doe Manager was the manager of the Costco Woodland Hills location on July 30, 2018; (3) Doe Employee was an employee at the Costco Woodland Hills location on July 30, 2018; (4) both maintained, repaired, and occupied the store; and (5) both allegedly contributed to Plaintiff's injuries by permitting the air compressor to be in an unsafe condition and not taking corrective action. *See* Compl. at ¶¶ 4-7, 26-27, 37-38. Given that the Doe Manager and Doe Employee, among other Does, are likely readily identifiable based on this information, the Court agrees with *Collins* that it would be "unfair" to force Plaintiff from his chosen forum into federal court by allowing Costco "to plead ignorance about the defendant-employee's identity" when it "was in a position to know that information." *Collins*, 2017 WL 2734708, at *2.

Since persuasive authority indicates that the Court may consider the Doe Manager and Doe Employee's citizenship for purposes of diversity jurisdiction, and Plaintiff's allegations are sufficient to demonstrate that both Does are California citizens, complete diversity does not exist. The Court thus lacks subject matter jurisdiction over this action.[1]

## IV.
## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's MTR. This action is hereby **REMANDED** to the Los Angeles County Superior Court. The December 11, 2020 hearing is **VACATED**.

**IT IS SO ORDERED.**

---

[1] Given the Court's determination that complete diversity does not exist, the Court need not address Plaintiff's argument that Defendant has not satisfied the amount in controversy requirement.